```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )         4:03CR3048
                               )
      v.                       )
                               )
WILLIAM J. QUINN,              )         MEMORANDUM AND ORDER
                               )
               Defendant.      )
                               )
```

This matter came before the court on May 20, 2008 on the petition for action on conditions of pretrial release, filing 27. The government moved to dismiss the petition, and the court did dismiss the petition.

The government requested a trial setting and suggested that the ends of justice would be served by commencing a new 70-day trial preparation period under the Speedy Trial Act, 18 U.S.C. 3161, *et seq*. Government counsel recounted that the case is five years old, and the defendant has been incarcerated in Texas during that time. No investigative follow-up on the case has been conducted since the defendant's arrest by Texas authorities in 2003, and the availability of witnesses is not known. The prosecutor estimated that if no new 70-day period were commenced, the trial would be required to begin within approximately twenty days from May 20, 2008, and suggested that to require such a rushed period for commencing trial would deprive both the government and the defendant of adequate time to properly prepare for trial.

During the five-year absence of the defendant, a detainer was lodged against him with Texas authorities by the U.S. Marshal Service. According to this court's file, defendant was

represented by counsel during this period. The defendant only recently activated the detainer under the provisions of the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2, Article III ("IAD"). The prosecutor then sought a hearing date on the pending petition for action on conditions of release and a writ of habeas corpus *ad prosequendum* to obtain the defendant's presence in this district. Filing 32. In response, according to the government, defendant was discharged from his sentence by the Texas Department of Corrections, thus making there to be no "sending state" for purposes of the IAD. See Id. at Article II. The defendant later apparently reported to the pretrial services officer that he was not discharged, but rather, placed on parole for a period of 45 years; either way, he was released from custody and pursuant to the detainer, was promptly re-arrested by the U.S. Marshals. On April 28, 2008 he was taken before the United States District Court for the Southern District of Texas pursuant to Fed. R. Crim. P. 5. See Filing 37.

Defendant did not consent to an extension of the Speedy Trial Act allowance of time for setting the trial. Defendant's counsel stated that he had only just on the day of the appearance met with his client, and was in no position to waive his rights under the Speedy Trial Act without at least further consultation.

If the IAD were in play here, the government would have 180 days from the defendant's activating the detainer in which to bring him to trial. See IAD, 18 U.S.C. App. 2, Article III, Section (a). The release of the defendant by Texas authorities effectively cast the matter back to the original case schedule adopted by this court in 2003. Although the defendant did not waive his right to a speedy trial under the Speedy Trial Act, he also did not waive any right he might have to at least thirty

2

days' time from his "initial appearance" in this district in which to prepare for trial, as required by 18 U.S.C. 3161(c)(2). Additionally, although the strict applicability of 18 U.S.C 3161(k) is also unclear -- only because the whereabouts of the defendant were known by the government during his incarceration in Texas -- that subsection would imply that when the defendant is absent because of his incarceration on state charges for a period of longer than 21 days after the original trial date, as here, the Speedy Trial "clock" commences anew with defendant's "subsequent appearance" before this court.

Rather than parse those statutory provisions for applicability to this case, I considered the circumstances giving rise to the need for additional time to prepare for trial. I concluded that the interests of justice require a trial setting allowing a new 70-day trial preparation period, and I set the trial to commence on July 28, 2008. I did so for the reasons stated above as well as the fact that with such a long hiatus, this case is, for scheduling purposes, effectively starting anew as though it were a new case, requiring counsel to review discovery, prepare witnesses, and the like. There is nothing before the court indicating that the government has intentionally or inordinately delayed the return of the defendant for some improper purpose; the failure of the government to "activate" its detainer on its own initiative is a choice given the prosecutor by 18 U.S.C. 3161(j)(1). In addition, I see no prejudice to the defendant from granting him additional time to prepare for trial, and none was suggested. In fact, requiring the defendant to prepare for trial immediately would be quite unfair and possibly prejudicial. Like the government, the defendant must determine the whereabouts and possible testimony of witnesses as well as the documentary evidence that may now be available, or not. The

circumstances support a conclusion that the ends of justice served by granting the delay outweigh the interests of the public and the defendant in a speedy trial, because to force the parties to trial within twenty days would deprive them of "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. 3161(h)(8)(A) and (B)(iv).

　　　However, rather than exclude the entire time between the date of the defendant's appearance and the new trial date, as I announced from the bench, I shall simply start the Speedy Trial Act "clock" anew with the defendant's appearance on May 20, 2008, as that is more in keeping with the purposes of the Act as apparent in the circumstance described in 18 U.S.C. 3161(k)(1), which is at least analogous, as well as the principles underlying the Act itself in protecting the defendant's right to a speedy trial.

　　　IT THEREFORE HEREBY IS ORDERED,

　　The Speedy Trial Act applies to this case, commencing with the defendant's appearance on May 20, 2008.  All time before May 20, 2008 is excluded in the interests of justice in accordance with the findings set forth above.

　　　DATED this 21st day of May, 2008.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ *David L. Piester*
　　　　　　　　　　　　　　　　　　David L. Piester
　　　　　　　　　　　　　　　　　　United States Magistrate Judge