```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )        4:03CR3048
                               )
     v.                        )
                               )
WILLIAM J. QUINN,              )        REPORT, RECOMMENDATION,
                               )              AND ORDER
               Defendant.      )
                               )
```

The defendant moves to dismiss the indictment against him as untimely prosecuted under the Interstate Agreement on Detainers Act ("IADA"). Filing 62. The defendant claims the government violated the IADA by failing to bring him to trial within 180 days after the defendant activated the detainer lodged against him. For the reasons discussed below, the defendant's motion should be denied.

                        STATEMENT OF FACTS

The facts, all of which are undisputed, are as follows:

The government filed its indictment against the defendant on April 24, 2003. Filing 1. The indictment alleges that as of March 6, 2003, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and on that date, he knowingly possessed firearms and ammunition in violation of 18 U.S.C. 922(g) and 18 U.S.C. 924(a)(2).

The defendant was arrested on the indictment on April 30, 2003, (filing 6), and he initially appeared in this court on May 16, 2003. Minute entry 8. The defendant was released pending trial subject to conditions, one of which included prohibiting

the defendant from leaving Furnas County, Nebraska without the prior approval of his pretrial services officer. Filing 10.

However, as of September 8, 2003, the defendant's federal pretrial services officer did not know where the defendant was located. A petition for action on conditions of pretrial release was filed, (filing 27), and a warrant was issued for the defendant's arrest. Filing 28; filing 70-4. The defendant was later found in Texas. He had been arrested and returned to Texas on August 25, 2003 for violating the terms of his parole on a sentence imposed by a Texas state court. Filing 27. The defendant was in the custody of the Texas Department of Criminal Justice.

A federal detainer was lodged against the defendant with the Texas Department of Criminal Justice on September 16, 2003. Filing 70-2, filing 70-5. The defendant received notice of the detainer and his right to demand a speedy trial on the federal charge under the IADA. The notice stated:

> Under the IADA, you have the right to be brought to trial within 180 days after you have caused to be delivered to the appropriate U.S. Attorney, and the appropriate U.S. District Court, written notice of your request for a final disposition of the charges against you. Because the 180-day time limit may be tolled by virtue of delays attributable to you, you should periodically inquire as to whether your written notice of request for final disposition of the charges against you has been received by the appropriate U.S. Attorney and the appropriate U.S. District Court. You are hereby advised that the 180-day time limit does not commence until your written notice of request for final disposition of the charges against you has actually been delivered to the appropriate U.S. Attorney and the appropriate U.S. District Court.

Filing 70-2. By signature, the defendant acknowledged receipt of the foregoing notice. The defendant did not complete that portion of the notice form to state whether he was, or was not, demanding a speedy trial on the federal charges at that time. Filing 70-2.

The undersigned received a letter from the defendant on July 15, 2005. Filing 64-2. The defendant's letter explained that three days after his initial appearance on the pending federal charge, he was arrested on a parole violation warrant issued by a state court in Texas. The letter stated the defendant was extradicted to Texas, and upon his arrival in Texas, the U.S. Marshals Service lodged a federal detainer on the petition pending in this forum for defendant's act of violating the terms of his pretrial conditions of release. The defendant's letter stated he had asked Texas classification authorities and his appointed counsel for assistance in bringing the federal case to trial or for release of the detainer, but he received no response. The defendant stated:

> I can't afford to hire another attorney, but I would like to request a speedy trial and serve notice to the court that I intend to file a motion to dismiss the indictment with prejudice for violation of the speedy trial act.

Filing 64-2, at p. 2.

The court sent a letter to the defendant explaining that since the defendant was represented by counsel, he should not communicate directly with the court. The court's letter, a copy of which was sent to the defendant's counsel and the United States Attorney for this case, stated:

3

> Because you are represented by counsel, it is inappropriate for you to communicate with the court directly, and I cannot communicate with you about the subject of your letter of July 15, 2005. I am, however, forwarding your letter to your attorney, Mr. Kirk Naylor, and I am requesting by this letter that he contact you regarding your concerns. Your letter seems to indicate that you wish to activate the detainer filed against you by the United States Marshals Service. If that is so, I am confident Mr. Naylor can competently advise you on how to proceed.

Filing 64-3. The defendant's July 15, 2005 letter was not forwarded by the court to the United States Attorney.

The defendant sent a letter to the United States Marshal on April 6, 2008 stating he wanted to activate the detainer placed on him in September of 2003. Filing 70-3. The defendant was arrested in Texas on the federal petition for action on conditions of pretrial release on April 18, 2008, (filing 36), and initially appeared before the United States District Court for the Southern District of Texas on April 21, 2008. Filing 37. A Rule 5 hearing was conducted and the defendant was committed to this district. Defendant's initial appearance in this forum was held on May 20, 2008. At the government's request, the petition for action on conditions of pretrial release was dismissed and the court ordered that a new 70-day trial preparation period under the Speedy Trial Act would commence beginning May 20, 2008. Filing 45.

LEGAL DISCUSSION

Article III of the IADA states:

> Whenever a person has entered upon a term of
> imprisonment in a penal or correctional institution of
> a party State, and whenever during the continuance of

> the term of imprisonment there is pending in any other
> party State any untried indictment, information, or
> complaint on the basis of which a detainer has been
> lodged against the prisoner, he shall be brought to
> trial within one hundred and eighty days after he shall
> have caused to be delivered <u>to the prosecuting officer
> and the appropriate court of the prosecuting officer's
> jurisdiction</u> written notice of the place of his
> imprisonment and his request for a final disposition to
> be made of the indictment, information, or complaint. .
> . .

Interstate Agreement on Detainers, § 2, Article III (a), 18 U.S.C.A. App. 2 (emphasis added). The defendant bears the burden of proving he delivered and the court and prosecutor received defendant's IADA request for a speedy trial and final disposition of the pending federal charges. U.S. v. Cook, 2007 WL 2287839, 2 (D. Kan. 2007)(citing cases).

Under the IADA, the 180-day time period begins when the prisoner actually delivers his final disposition request to the prosecuting officer <u>and</u> court of jurisdiction that lodged the detainer, and not when the request is delivered to custodial prison authorities for delivery to the prosecutor and court. Fex v. Michigan, 507 U.S. 43 (1993); U.S. v. Daily, 488 F.3d 796, 801 (8th Cir. 2007)(holding delivery of request to state warden for forwarding to the prosecutor and court was not actual delivery as required under the IADA). Moreover, the defendant cannot activate his IADA speedy trial rights by delivering the final disposition request to only the prosecutor or only the court. The request must be delivered to both. U.S. v. Paredes-Batista, 140 F.3d 367, 374 (2d Cir. 1998)(holding the defendant's IADA request did not become effective, and the IADA's 180-day clock did not commence, until the IADA request was received by both the court and the prosecutor); Cook, 2007 WL 2287839 at *2 (holding a letter by defendant's counsel did not invoke defendant's IADA

rights where the letter was sent to the prosecutor and not the court).

The record establishes that the defendant was afforded written notice of his rights under the IADA in September of 2003. The defendant did not expressly invoke his IADA rights at the time he received this notice.

The defendant sent a letter to the court on July 15, 2005, the content of which could be interpreted as activating his IADA right to a speedy trial. However, as the court's letter indicates, the decision of whether to activate the detainer, and manner and timing to be followed for accomplishing that goal, was left to the defendant upon receipt of advice and assistance of counsel. The defendant's July 15, 2005 letter was not sent by the court to the United States Attorney, and there is no evidence that prior to the filing of this motion to dismiss, the defendant's July 15, 2005 letter was ever delivered to or received by the United States Attorney for the District of Nebraska.

The court's letter responding to the defendant's July 15, 2005 letter was sent to the United States Attorney. However, the court's letter did not state that the defendant had invoked his rights under the IADA, but rather stated defendant's counsel could provide assistance to the defendant <u>if</u> he wished to activate the detainer.

The defendant's letter to the United States Marshal dated April 6, 2008 requested activation of the federal detainer. The defendant was thereafter arrested and initially appeared before this federal forum on May 20, 2008 to initiate proceedings on the

pending federal indictment. Assuming defendant's delivery to the United States Marshal is considered delivery to the United States Attorney, 180 days have not passed since the defendant delivered his request for final disposition to both this court and the United States Attorney for the District of Nebraska.

The defendant has failed to show that more than 180 days have passed since he "caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction" his written request for a final disposition of the pending federal indictment. Interstate Agreement on Detainers, § 2, Article III (a), 18 U.S.C.A. App. 2. The defendant's motion to dismiss should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, that the defendant's motion to dismiss, filing 62, be denied.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:

Trial is set for 9:00 a.m. on September 22, 2008 for a duration of three trial days before the Honorable Richard G. Kopf. Jury selection will be at the commencement of trial.

Dated this 3d day of September, 2008.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge