IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                                                              )<br>                    Plaintiff,          )<br>                                                              )<br>        vs.                                               )<br>                                                              )<br>WILLIAM J. QUINN,                    )<br>                                                              )<br>                    Defendant.      ) | Case No. 4:03CR3048<br><br>**TENTATIVE<br>FINDINGS** |

I am in receipt of the revised presentence investigation report and addendum in this case. Except for the defendant's motion for variance (filing 86), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220(2005) and subsequent cases. *See*, *e.g.*, *Gall v. U.S.*, --- S.Ct. ----, 2007 WL 4292116 (2007). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' general advice through §3553(a)'s list of factors[1]; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.[2]

---

[1] However, I will no longer give the Guidelines "substantial weight."

[2] *See* note 1.

-2-

(2) Regarding the defendant's motion for variance (filing 86):

A. If it is true that the prosecutor or court personnel knew or should have known of the whereabouts of the defendant in a Texas prison after he was taken from Nebraska following indictment in this case, and if it is true that no affirmative steps were taken to return the defendant to Nebraska to promptly face these charges, it is likely that I will grant a substantial variance. By not securing the attendance of the defendant promptly, my alternatives under the Guidelines have been arbitrarily reduced. That is reason enough to impose a sentence less than that called for under the Guidelines. The fact that retained defense counsel may have participated in such an error does not matter much; that is, the government has an independent obligation to act promptly even if defense counsel is happy with delay. Furthermore, given the harmful impact of incarcerating the defendant on his children now that the defendant has done his Texas prison time and the children have been placed in defendant's custody by the State of Nebraska, a substantial variance may be even more appropriate. *Cf. United States v. Wehrbein, 61 F. Supp.2d 958 (D. Neb. 1999)* (court would depart downward from sentence called for under Sentencing Guidelines, to provide for no prison time in case involving conviction for low level trafficking in methamphetamine and possession of weapons; 11-year-old son of defendant, whose emotional and mental disorders improved markedly when defendant returned from serving state sentence on similar charges, would be harmed if defendant was not present to provide continued structured discipline, there were no other care-givers available to substitute for defendant and federal government could have avoided or lessened impact on child if federal prosecutor had not delayed 14 months after matter was referred before commencing federal case).

B. The motion for variance (filing 86) will be resolved at sentencing.

C. A one-hour evidentiary hearing on the motion for variance, with sentencing to follow, is scheduled for Thursday, February 19, 2009, commencing at 12:00 noon.

(3) Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

February 6, 2009   BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge